# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS LACEY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 21-cv-0107-BAS-DEB<br><br>**ORDER:**<br><br>(1) **DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 3);**<br><br>(2) **DENYING MOTION TO APPOINT COUNSEL (ECF No. 2); AND**<br><br>(3) **DISMISSING ACTION UNDER 28 U.S.C. § 1915(e)(2)** |

　　　　Plaintiff Darius Lacey is proceeding *pro se*—without an attorney. He filed a complaint on January 20, 2021, against the State of California and "George Bailey (Bankers)." (ECF No. 1.) In his three-page complaint, Plaintiff raises incomprehensible allegations about certain human trafficking operations in San Diego and Los Angeles, being poisoned while incarcerated at the George F. Bailey Detention Facility in San Diego,

and his inability to access his benefits. *Id.* Plaintiff filed a motion seeking leave to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel.

For the following reasons, the Court **DENIES** Plaintiff's motion to proceed IFP, **DISMISSES WITH PREJUDICE** his Complaint as frivolous or for failing to state a claim, and **DENIES AS MOOT** the motion for appointment of counsel.

## ANALYSIS

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. *See Neitzke v. Williams*, 490 US. 319, 324 (1989). The Court makes two determinations before allowing a litigant to proceed IFP: First, whether the litigant cannot pay the filing fee, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Here, the first inquiry suggests that Plaintiff is financially eligible for IFP status. Plaintiff states that he is unemployed and receives $900 in disability benefits, pays $1,700 in rent or mortgage payment, and has no assets. (IFP Mot. ¶¶ 1–2, 4–5, 8.) However, before allowing the Complaint to be served, the Court must screen the Complaint under 28 U.S.C. § 1915(2)(2)(B) and must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). This standard grants the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Consequently, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 20 1112 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112. The Court "take[s] as true all allegations of material fact stated in the complaint and construe[s] them in the light most favorable to the plaintiff." *Id.* The Court construes *pro se* complaints liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).

Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. These outlandish claims are those "with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. District courts have dismissed as frivolous an assortment of complaints containing clearly baseless factual allegations. *See, e.g.*, *Suess v. Obama*, No. CV 17-01184-JAK (DTB), 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (conspiracy involving former President Barack Obama, the CIA, and the FBI); *Demos v. United States*, No. CIV. 10-6299-TC, 2010 WL 4007527, at *2 (D. Ore. Oct. 8, 2010) (kidnapping involving law enforcement officers disguised as pirates).

Here, Plaintiff alleges that young African American men were trafficked and disappeared from Los Angeles County. (Compl. ¶ II.1.) He then alleges that he developed cancer and serious infections because he was poisoned while detained at the George Bailey Detention Facility in San Diego. (*Id.* ¶ II.2.) He also alleges that he was not provided housing amidst the current pandemic. (*Id.*) Lastly, he alleges that certain people blocked him from accessing his benefits. (*Id.* ¶ III.) The Complaint does not specify what relief the Court can grant Plaintiff.

Having reviewed the allegations in Plaintiff's Complaint, the Court concludes that his allegations are factually frivolous and do not state a plausible claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Because the Complaint is frivolous, the Court does not grant Plaintiff leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). The Court thus denies Plaintiff leave to proceed IFP and dismisses Plaintiff's action with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). *See Howze v. Tanaka*, 585 F. App'x. 379, 379–80 (9th Cir. 2014) (concluding that the district court did not abuse its discretion in denying plaintiff leave to proceed IFP because his claims were either frivolous or lacked merit); *Ingram v. City of Sacramento*, 564 F. App'x. 321 (9th Cir. 2014) (affirming district court's dismissal of the action as frivolous because the complaint contained "indecipherable facts and unsupported legal assertions"); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (affirming dismissal of the complaint as frivolous).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to proceed IFP (ECF No. 3). The Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED AS MOOT**.

IT IS SO ORDERED.

**DATED: January 26, 2021**

Hon. Cynthia Bashant
United States District Judge